Filed 3/5/21  In re Clark CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re KAYLA CLARK,<br><br>    on Habeas Corpus. | A160862<br><br>(Napa County<br>Super. Ct. No. 19CR002735) |

Kayla Clark has filed a petition for writ of habeas corpus in which she contends she was denied the effective assistance of counsel during a sentencing hearing.  Clark was sentenced to an aggregate nine-year prison sentence after she pleaded guilty to multiple offenses, including driving with a blood alcohol level over 0.08 percent causing injury.  (Veh. Code, § 23153, subd. (b) (section 23153(b)).)

"To establish ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's representation was deficient in falling below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's deficient representation subjected the petitioner to prejudice, i.e., there is a reasonable probability that, but for counsel's failings, the result would have been more favorable to the petitioner."  (*In re Wilson* (1992) 3 Cal.4th 945, 950.)

1

Here, Clark alleges she was denied the effective assistance of counsel because her trial counsel failed to object when the trial court relied on improper factors to impose an upper-term sentence for Clark's section 23153(b) conviction. Clark makes the same claim in a separately filed appeal from the judgment. We deny Clark's request to consolidate this petition with her direct appeal but grant her request for judicial notice of the appellate record in *People v. Clark* (Mar. 2021, A160193) [nonpub. opn.].

The only new issue raised by Clark's petition that is not resolved in her appeal pertains to her allegation that her trial counsel's representation fell below an objective standard of reasonableness. Clark relies on a declaration from her former trial counsel, Mr. Rubinger, who states that he was "surprised" when the trial court denied Clark probation and imposed an upper term. Rubinger acknowledges that he did not make any specific objections to the trial court's reasons for imposing an upper term, adding that he was "taken aback" by the "severity" of the sentence and was "focused" on his client.

Rubinger's declaration also contains this confusing statement: "I had no strategic reason to object to the trial court's dual use of facts, use of inapplicable factors in aggravation, or his failure to consider Ms. Clark's alcoholism as mitigating." Even if Rubinger meant to say that he had no strategic reason for failing to make these objections, such an admission would be inadequate to state a prima facie claim for relief.

The appellate record precludes Clark from showing that she was prejudiced by her trial counsel's failure to object to allegedly improper reasons for imposing the upper term sentence. The trial court stated that it could not conceive of a more "egregious" violation of section 23153(b), thus demonstrating its commitment to imposing an aggravated term. When Clark

committed the instant offense, she was driving on a suspended license, had an outstanding warrant, and was on probation for two prior convictions for driving under the influence, which shows that Clark's prior performance on probation was unsatisfactory.  (See Cal. Rules of Court, rule 4.421.)  This single aggravating circumstance is sufficient to support her upper term sentence.  (*People v. Osband* (1996) 13 Cal.4th 622, 728.)  But in this case, there was more.  In the circumstances of this case and in light of the trial court's explanation for its sentencing decision, it is not reasonably probable Clark would have received a more favorable sentence if her trial counsel had objected that some of the aggravating factors relied on by the trial court were improper.

## DISPOSITION

The petition for writ of habeas corpus is denied.



TUCHER, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*In re Kayla Clark* (A160862)

3